**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-01161-EWN-MEH

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware limited liability company,

    Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Colorado Corporation,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Plaintiff Comcast Cable Communications Management, LLC ("Comcast") and Defendant Qwest Communications International, Inc. ("Qwest") each asserts that it possesses information relating to the subject matter of this action which is confidential. The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party certain of its confidential information, but each wishes to ensure such information shall not be used for any purpose other than this action, and shall not be made public or be otherwise disseminated, beyond the extent necessary for purposes of this action.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation of the parties, good cause having been shown, IT IS HEREBY ORDERED AND AGREED AS FOLLOWS:

**DEFINITION**

    1.    CONFIDENTIAL INFORMATION means any information, document, or thing designated by a party in good faith as confidential because it contains or is confidential research or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil

Procedure and consistent with the law of this Circuit. Information or materials may only be so designated if they are not otherwise publicly available, and the designating party has previously taken adequate steps to preserve the confidentiality of such information.

2. CONFIDENTIAL—ATTORNEYS' EYES ONLY shall be used only for extremely sensitive proprietary information that a party in good faith believes is entitled to heightened protection so as to prevent the party from incurring serious economic or competitive injury, such as (i) financial information such as margins, revenues, costs, etc.; (ii) information such as research and development information regarding future products; (iii) information regarding present and future business and marketing strategies, or marketing research; (iv) customer lists and documents that reveal a customer's identity; (v) confidential third party agreements; and (vi) any protectable and actually protected, trade secrets as defined by applicable state law. Information or materials may only be so designated if they are not otherwise publicly available, and only if the designating party has previously taken adequate steps to preserve the confidentiality of such information.

## DESIGNATION OF INFORMATION

3. It is contemplated that a party may make available certain of its files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection the inspecting party will designate documents to be copied and the copies furnished or produced to it. In order to protect any CONFIDENTIAL INFORMATION contained in the files produced for inspection, all documents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION. When the inspecting party designates the documents it wishes copied, the producing party will mark

appropriate documents as CONFIDENTIAL INFORMATION according to paragraph 4 and then provide copies of the designated documents to the inspecting party.

      4.     Any CONFIDENTIAL INFORMATION which a party wishes to be made subject to this Protective Order shall be marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the time it is turned over to the receiving party. Any copy made of such document or thing or document or thing created (e.g. any abstract, summary, memorandum or exhibit) containing information designated pursuant to this Order shall bear on its face the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

      5.     If, during the course of discovery in this action, a party, or their representatives, is authorized to inspect the other party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be treated by the inspecting party to be CONFIDENTIAL INFORMATION and shall be treated as such.

      6.     Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

          a.     At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall mark those pages of the transcript containing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY". Such request shall be made on the record whenever possible, but any party may designate portions of the transcript of depositions as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is promptly given to the other party. Following such notice, the parties shall

confer as to the most convenient way to segregate the designated portions of this transcript. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in paragraphs 8-10 hereof for a period of twenty (20) days after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the court and used in accordance with paragraph 6 in connection with these proceedings at any time.

    b. The cover of any deposition transcript that contains CONFIDENTIAL INFORMATION shall be prominently marked with the legend referred to in paragraph 4. All portions of deposition transcripts designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be sealed and dissemination of such transcript portion or the content thereof shall be limited to the persons identified in paragraphs 9-12 hereof.

 7. All confidential documents and information that are filed with the Court shall be filed pursuant to D.C.COLO.LCivR 7.2 and D.C.COLO.LCivR 7.3.

 8. CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Order, may be disclosed only as provided in paragraphs 9-12, and shall be used solely in the preparation, prosecution or trial of this action.

 9. Information marked "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" may be disclosed (1) by the party who designated the item "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the first instance (i.e. the party's own confidential information) or (2) to any non-party entity who authored or received the item prior to its production to the other party.

10. Information marked "CONFIDENTIAL" may only be disclosed to the following:

a. The Parties' outside counsel of record in this action, and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

b. Employees of each of the Parties whose assistance is needed by counsel for the purposes of this litigation;

c. Independent individuals or businesses assisting counsel in the preparation of this action as set forth in paragraph 12;

d. Graphics or design services firms retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

e. Jury or trial consulting services retained by counsel for a party;

f. Document reproduction or coding services retained by counsel for a party;

g. Stenographic reporters engaged in proceedings incident to preparation for trial or trial;

h. Officers of this Court and their supporting personnel or officers of any appellate Court to which any appeal may be taken or in which review is sought.

11. Information marked "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed to the Court and its officers and to the following counsel including their necessary personnel:

a. For Comcast, the law firms of Loeb & Loeb LLP and Snell & Wilmer LLP; and Jeff E. Smith and Kyle Birch of Comcast.

b.    For Qwest, the law firm of Holme, Roberts & Owens LLP; and Leslie Kelly and Laurie Korneffel of Qwest.

12.    Information marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may also be disclosed to independent individuals or businesses assisting counsel in the preparation of this action under the following conditions:

a.    Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution or trial of this action, such individual or business shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form appended hereto as Exhibit A, acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary.  For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such business to whom CONFIDENTIAL INFORMATION is disclosed of the obligations imposed by this Order.

b.    Each outside independent individual or business who is known to be an employee or agent of or consultant to any third party that competes with the party whose CONFIDENTIAL INFORMATION is sought to be disclosed to such individual or business shall be identified to the other party prior to making any such disclosure in sufficient time (not less than two (2) weeks) for such party to object and to seek further protection should it deem that necessary.  If such party objects, no disclosure shall be made to such individual or business until the matter is resolved.

c. Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached as Exhibit B and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

d. Nothing in this order prohibits any party from using any document designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in a deposition, provided that the procedures of paragraph 6 are followed. A party may, however, designate that portion of the deposition as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" provided the information meets the definition of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" contained herein.

e. Any party with a good faith belief that its business interests would be harmed by the unrestricted disclosure of CONFIDENTIAL INFORMATION at trial or hearing may, before the trial or hearing, move the Court to take precautions to prevent such unrestricted disclosure. The Court will then determine what protections, if any, are to be afforded such information at trial. If no motion is filed before trial to preserve the confidentiality of proposed exhibits or testimony at trial or hearing, or if the Court rules that any testimony or exhibits are not to be treated as confidential at trial or hearing, then any confidentiality stamp or legend

previously placed on any document under the Protective Order shall be removed before the document is used at trial.

## **INFORMATION DESIGNATED IMPROPERLY**

13. The restrictions set forth in any of the preceding paragraphs shall not apply to:

    a. any information which at the time of disclosure is available to the public;

    b. any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

    c. any information which the receiving party, its counsel or independent consultants can show (i) was already known to the receiving party from legitimate sources, (ii) was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraph 16 hereof), or (iv) was received from a third party having the right to make such disclosure and was not required to be held in confidence.

14. In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as confidential until the issue is resolved.

15. No party shall be obligated to challenge the propriety or correctness of the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS'

8

EYES ONLY" and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall rest on the designating party, except that the burden of proving the exceptions set forth in paragraph 13 shall rest on the party asserting the exceptions.

16. (a) If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY", the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as CONFIDENTIAL INFORMATION under this Order. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of

information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

17. Promptly upon completion of the litigation, each party shall return or destroy all documents designated by the other party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and all copies thereof and shall destroy all documents and things containing information based on "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY", except that outside counsel for each party may retain one copy of each document and thing and each transcript of testimony designated by the other party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and one copy of each document and thing containing information based on "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for record purposes only.

## NON-PARTY DISCOVERY

18. Discovery of non-parties to this action may involve receipt of information, documents, objects or testimony which include or contain CONFIDENTIAL INFORMATION. A non-party producing such materials in this case may designate as CONFIDENTIAL INFORMATION some or all of the materials it produces in the same manner as provided for in this order with respect to materials furnished by or on behalf of the parties to this action. All documents and other materials produced by non-parties shall be deemed CONFIDENTIAL INFORMATION for a period of 20 days from their production, and during that period any party may designate as CONFIDENTIAL INFORMATION any or all of such material, whether or not

the producing non-party has also so designated. If a non-party produces CONFIDENTIAL INFORMATION of a party, then the party to whom the information is CONFIDENTIAL may designate such information as CONFIDENTIAL INFORMATION whether or not the producing non-party has also so designated.  Non-party materials designated as CONFIDENTIAL INFORMATION by a non-party or party shall be governed by the terms of this Protective Order. Any party seeking to challenge the designation of non-party information as CONFIDENTIAL INFORMATION, or to use such information in proceedings where it may become a part of the public record, shall provide notice to the non-party in sufficient time to allow the non-party to appear and seek continued protection of its CONFIDENTIAL INFORMATION.

## **OTHER**

19.     Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

20.     This Order maybe amended on the Court's own motion, or on the motion of any party upon a showing of good cause.

21.     Each of the firms and parties named above, by executing a copy of this Protective Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

**DATED** this 27th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

| SNELL & WILMER, LLP | HOLME, ROBERTS & OWENS LLP |
|---|---|
| By: s/Ryan C. Carson<br>John M. Roche<br>Ryan C. Carson<br>1200 Seventeenth Street<br>Suite 1900<br>Tabor Center<br>Denver, CO 80202<br>Telephone: (303) 634-2000 | By: s/Steven J. Perfrement<br>Steven J. Perfrement<br>Bobbee J. Musgrave<br>B. Lawrence Theis<br>1700 Lincoln Street, Suite 4100<br>Denver, CO 80203-4145<br><br>*Counsel for Qwest Communications International, Inc.* |

LOEB & LOEB LLP

By: s/Christian D. Carbone
Christian D. Carbone
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000

*Counsel for Comcast Corporation*

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01161-EWN-MEH

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware limited liability company,

    Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Colorado Corporation,

    Defendant.

---

**STATEMENT OF** _____

---

State of _____ )
                                          ) ss.
County of _____ )

_____ being sworn, deposes and says:

    1.    I have been requested by counsel for _____ to assist counsel with certain material which I have been informed is Confidential Information within the terms of the Protective Order issued by the Court in the above-entitled action.

    2.    I have read the Protective Order dated _____, entered in this action and I agree not to disclose any information designated as Confidential Information and not to use it for any competitive purpose. I will use such information only to assist counsel for (_____) in this case.

      3.      I hereby agree to submit to the jurisdiction of the United States District Court for the District of Colorado for enforcement of the undertakings I have made here and I appoint _____ (Denver, Colorado counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

      Signed: _____

Subscribed and sworn to before me this _____ day of _____, 2007.

_____
Notary Public

**EXHIBIT B**

## AGREEMENT TO PROTECT
## <u>CONFIDENTIAL INFORMATION</u>

1.   This Agreement is between   (CONSULTANT) _____

_____ and

(NAME) _____ residing at

(ADDRESS)_____.

2.   I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

3.   I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

                          Signed: _____

                          Date: _____